### LOCHRAIN v. AUTOPHONE CO.

(Supreme Court, Appellate Division, Third Department. December 3, 1902.)

1. PERSONAL INJURIES—NEGLIGENCE—QUESTION FOR JURY.

The fact that boxes, being lowered from an upper story of a factory to an express wagon below, were so insecurely fastened that they fell, causing a runaway, and injuring the expressman, was sufficient evidence of negligence to make a case for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

An expressman, into whose wagon boxes were being lowered from the upper story of a factory, and who was injured in a runaway caused by the fall of a box, was not guilty of contributory negligence as matter of law in failing to hitch his horses, it appearing that they were kind, and that the reins were within easy reach.

3. EXPRESSMAN—RELATION TO EMPLOYER.

An expressman employed at a fixed sum per year to cart freight for defendant, but who at the same time was engaged in transporting freight for any one who might call upon him therefor, was not a servant of defendant so as to be subject to the doctrine of fellow servants or assumed risks.

Appeal from trial term, Tompkins county.

Action by Mary Lochrain, executrix, substituted as plaintiff in place of Peter Lochrain, deceased, against the Autophone Company. From a judgment for plaintiff and from an order denying a new trial defendant appeals. Affirmed.

This action was originally brought by Peter Lochrain against the defendant for damages claimed to have been caused by the defendant's negligence. Since the trial the plaintiff has died, and his executrix has been substituted as plaintiff in the action. Defendant is a manufacturing corporation, manufacturing musical instruments in the city of Ithaca. Plaintiff's intestate was a truckman or baggage expressman doing odd jobs around the said city in the line of his calling. For many years he transported between the defendant's factory and the railroad freight office most, if not all, of the defendant's light freight, and was paid therefor by the piece. About two years before the happening of the accident which is the cause of the action, he entered into a contract with the defendant whereby they agreed to pay him $200 a year for the transportation of their light freight from the factory to the freight office and from the freight office to the factory. Upon the 23d day of August, 1900, pursuant to his custom, he called at the defendant's factory for freight. This freight was usually delivered to him from an upper window, from which it was lowered by means of a rope and pulley. Upon the day in question, in lowering the freight, the boxes were not securely fastened, so that they fell. In the fall the boxes did not strike the plaintiff's

intestate, but frightened his horse, causing the horse to run away, throw-
ing the plaintiff out of the wagon, and causing the injuries for which suit
is here brought.  The answer of the defendant denies the negligence of its
servants, alleges contributory negligence on the part of the plaintiff, and
alleges that the injury was caused by the negligence of a co-employé.  Fur-
ther facts appear in the opinion.

Argued before PARKER, P. J., and KELLOGG, SMITH, and
CHASE, JJ.

Tompkins, Cobb & Cobb (M. M. Tompkins, of counsel), for ap-
pellant.

P. F. McAllister, for respondent.

SMITH, J.  We are of the opinion that the trial court correctly
submitted to the jury the question of negligence upon the part both
of the plaintiff and of the defendant.  The fact that the boxes were
so insecurely fastened that they fell is sufficient evidence of the
negligence of the defendant to warrant the submission of that fact
to the determination of the jury.  The plaintiff was standing in his
wagon, as he had been accustomed to do, for the purpose of re-
ceiving the boxes as they were lowered, and of guiding them into
the proper places in the wagon.  That the horse was not hitched was
not negligence as a matter of law, as the horse was a kind one, with
which the plaintiff's intestate had had no difficulty theretofore; and,
moreover, the lines were within easy reach of plaintiff's intestate,
and could easily be caught by him, except for the sudden jump of
the horse, which he might well have failed to anticipate.  There is no
such preponderance of evidence, therefore, on the part of the de-
fendant, upon either question, as would justify us in disturbing the
verdict of the jury.

The more important question in the case arises upon the defense
that the injury was caused by the negligence of a co-employé of
plaintiff's intestate.  It is claimed that in the act of transporting the
defendant's freight back and forth the plaintiff's intestate was the
defendant's servant, and, inasmuch as the negligence which caused
the injury was the negligence of another servant, that the plaintiff
assumed the risk of such negligence, and has no cause of complaint
against the defendant.  It will hardly be claimed that, if the plain-
tiff's intestate had, upon a single retainer, taken the freight from the
defendant's factory to the station, he would thereby become a servant
of the defendant.  His relation would be simply a contract relation
for this specific purpose, which would have in it none of the elements
which attach to the relation of master and servant.  Murray v.
Dwight, 161 N. Y. 301, 55 N. E. 901, 48 L. R. A. 673.  It is very
clear that in such a case the defendant would not be liable for his
negligence in driving to and from the freight office.  He was a com-
mon carrier, and would be engaged in his business as a common
carrier, and not as defendant's servant.  We are unable to see how
the legal relation is changed by the fact that he was frequently em-
ployed, or by the fact that for such service he was to receive a gross
sum, and was not paid by the piece, as was the original custom.  He
was, at the time of the accident, a common carrier, transporting light

baggage and freight for any one who might call upon him therefor, and was not, in our judgment, a servant of the defendant, either to impose upon the defendant any liability for the acts of its servants, or to save it from liability by reason of the assumed risk of the negligence of a co-employé. The case was fairly and properly submitted to the jury, and we are unable to find any reason for disturbing their conclusion.

Judgment and order unanimously affirmed, with costs. All concur.